```
          UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA


PHILIP MARTIN COOPER,          :
                               :
                               :
              Petitioner       :   CIVIL NO. 1:CV-04-1853
                               :
         vs.                   :   (Judge Caldwell)
                               :
WARDEN HOLT,                   :
                               :
              Respondent.      :
```

*M E M O R A N D U M*

I.   *Introduction*

The pro se petitioner, Philip Martin Cooper, a federal prisoner, has filed a motion under Fed. R. Civ. P. 60(b)(1) and (3) for relief from our order of August 21, 2006, dismissing his petition under 28 U.S.C. § 2241. The petition sought the restoration of eighty-seven days of good-conduct time. We dismissed the petition after Cooper failed to submit a statement from an inmate witness. We will deny the Rule 60(b) motion because Petitioner has not shown excusable neglect on his part or misconduct by an adverse party.

II.  *Background*

Cooper filed his petition on August 19, 2004. The good-conduct time had been forfeited as part of his punishment in a disciplinary hearing on a charge that he had assaulted another

inmate. Because of the loss of good-conduct time, Cooper was entitled to certain due-process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Among those protections was the right to call witnesses at the hearing. We determined that Petitioner's case turned on the substance of the testimony that would have been allegedly offered on his behalf by Francis Walker, a fellow inmate transferred to another federal prison after the incident giving rise to the disciplinary charge. Cooper alleged he was refused the opportunity to call Walker on his behalf (as well as two other witnesses).

On October 4, 2005, we gave Cooper thirty days to submit Walker's statement. On October 18, 2005, Petitioner submitted a letter which we construed as a motion seeking reconsideration of the October 4 order. Petitioner argued that he was unable to obtain the statement in part because he and Walker were no longer confined at the same institution, Petitioner is forbidden from corresponding with an inmate at another institution, and Petitioner did not know Walker's registration number or his current place of confinement.

In an order dated October 20, 2005, we denied the motion, noting that a Bureau of Prisons Program Statement 5265.11 did permit correspondence between inmates in these circumstances and that he could "litigate any refusal to allow him to do so as part of [his habeas] proceedings." (Doc. 20, p. 4.) Discovery

-2-

could include Walkers' location (*id.*), and the deadline was extended to January 20, 2006, for Petitioner to obtain Walker's statement and fifteen days thereafter to submit it to the court.

Petitioner was unable to obtain the statement and on January 20, 2006, filed a motion to extend the discovery deadline. He argued that prison officials improperly wanted to see the correspondence he intended to send Walker along with the draft of Walker's statement for Walker's signature. We rejected Petitioner's argument, but by order dated February 22, 2006, we extended discovery for another three months, until May 22, 2006, for Cooper to obtain the statement.

Petitioner did not comply with the order, so on June 27, 2006, we ordered him to comply or face dismissal of the petition. Our June 27 order was returned as undeliverable at USP-Lewisburg, and on July 3, 2006, after the Clerk of Court ascertained Petitioner's new address, it was re-sent to USP-Canaan. Cooper did not respond to the order, and on August 21, 2006, we dismissed his petition.

On May 3, 2007, about seven months later, Petitioner filed a motion, captioned "Writ of Petition to Motion." In this motion, Petitioner requested that the court reinstate his action due, in part, to discovery problems and because he could not comply with our orders, having had quadruple bypass surgery in 2006 and post-operative complications. On May 31, 2007, we denied the motion for the following reasons. First, as a motion under

-3-

Fed. R. Civ. P. 59(e), it was untimely and we thus lacked jurisdiction to consider it. Second, as a motion under Rule 60(b), "Petitioner's grounds for reinstatement [were] not cognizable under that rule," noting that he had not said "when the operation was performed, nor [did] he provide any reason why he did not contact the court to request additional time when he knew he would be undergoing surgery." (Doc. 43, p. 3 n.1.)

On September 27, 2007, Petitioner filed the current Rule 60(b) motion.[1] Petitioner also sought to file a late notice of appeal but abandoned that attempt, concentrating on this motion instead.

III. *Discussion*

Petitioner relies on Fed. R. Civ. P. 60(b)(1) and (3). In pertinent part, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .

Petitioner argues there was excusable neglect here because he had health problems that prevented him from complying

---

[1] The certificate of service indicates it was originally placed with prison authorities for mailing on August 19, 2007, but with insufficient postage. It was remailed on September 12, 2007.

-4-

with the orders of June 27, 2006, and August 21, 2006, as shown by the exhibits in document 48. We disagree. As Respondent points out, these records indicate that Cooper had quadruple bypass heart surgery on March 10, 2006. (Doc. 48, Ex. 4). However, he had been returned to the prison, and on April 13, 2006, made a visit to his outside doctor, who noted that Petitioner was recuperating, had no complaints, and that the doctor was not going to schedule anymore office visits. (*Id.*). This was about five weeks before the May 22, 2006, deadline for submitting the Walker statement. Thus, it appears that Petitioner had the physical capacity to comply with the order, or at the very least, to notify the court of his condition, but he does not assert that he did anything.

On August 30, 2006, Cooper had another outside visit, with a different doctor, for complaints about palpitations. This physician noted that Petitioner was "in no obvious distress . . . alert, cooperative and appropriate." (Doc. 48, Ex. 8.) It thus appears that Petitioner either could have complied with the February 22, 2006, order, or notified the court why he could not do so for health reasons, within the ten-day deadline set by the order of June 27. He could also have attempted to obtain timely relief from the August 21 order dismissing his petition. Instead, he waited about seven months to file his "Writ of Petition to Motion." There is therefore no excusable neglect.

-5-

Cooper argues there was misrepresentation and other misconduct by Respondent when the Assistant United States Attorney (AUSA): (1) "misrepresented" the due process he had received; and (2) refused to cooperate in good faith in discovery when Petitioner sought to obtain permission from his unit manager to correspond with Walker. We see no misrepresentation by the AUSA in this case, just an argument for Respondent's position. Petitioner's second point reiterates an argument that we had rejected in our February 22, 2006, memorandum.

Finally, we note that Petitioner argues we misinterpreted the law and placed him in an impossible situation in regard to obtaining Walker's statement. However, even if true (which it is not), "'[L]egal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Courts of Appeals.'" *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 173 (3d Cir. 2004) (quoted case omitted).

Moreover, Petitioner never returned to this court with any complaints about Respondent's not cooperating in obtaining Walker's statement after our February 22, 2006, order, even though we indicated in our October 20, 2005, order that he could

litigate discovery disputes in this court, including any involving Walker's location.[2]

    We will issue an appropriate order.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge

Date: November 28, 2007

---

[2] We note that Petitioner has submitted a prison response, dated April 11, 2006, to his request that he be permitted to write to Walker. The response stated that the prison needed either Walker's register number or his current institution.

-7-

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


   PHILIP MARTIN COOPER,          :
                                  :
                                  :
              Petitioner          :    CIVIL NO. 1:CV-04-1853
                                  :
         vs.                      :    (Judge Caldwell)
                                  :
   WARDEN HOLT,                   :
                                  :
              Respondent.         :
```

## *O R D E R*

AND NOW, this 28th day of November, 2007, upon consideration of Petitioner's pro se motion (doc. 54) under Fed. R. Civ. P. 60(b)(1) and (3) for relief from our order of August 21, 2006, (doc. 41), it is ordered that the motion is denied.

```
                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge
```